# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS NAVARRO,<br><br>           Plaintiff,<br><br>    v.<br><br>N. GRANNIS, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:03-CV-6506-REC-LJO-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE<br><br>(Docs. 37 and 39) |

Plaintiff Elias Navarro ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. By order filed August 8, 2005, the court ordered plaintiff to file either an opposition or a statement of non-opposition to defendants' motion for summary judgment within thirty days. On September 15, 2005, the court granted plaintiff a thirty-day extension of time to comply with its order. More than thirty days have passed and plaintiff has not complied with or otherwise responded to the court's order.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.

1  Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
2  requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
3  (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of
4  address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
5  comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
6  failure to lack of prosecution and failure to comply with local rules).
7       In determining whether to dismiss an action for lack of prosecution, failure to obey a court
8  order, or failure to comply with local rules, the court must consider several factors: (1) the public's
9  interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk
10 of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and
11 (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at
12 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53. In the
13 instant case, the court finds that the public's interest in expeditiously resolving this litigation and the
14 court's interest in managing the docket weigh in favor of dismissal, as this case has been pending
15 since October 29, 2003.  The third factor, risk of prejudice to defendants, also weighs in favor of
16 dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in
17 prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor
18 -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors
19 in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey
20 the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.
21 Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The
22 court's order requiring plaintiff to file an opposition or a statement of non-opposition expressly
23 stated: "If plaintiff fails to file an opposition or a statement of non-opposition in compliance with
24 this order, this action shall be dismissed for failure to obey a court order and failure to prosecute."
25 Thus, plaintiff had adequate warning that dismissal would result from his noncompliance with the
26 court's orders.
27 ///
28 ///

1  Accordingly, it is HEREBY RECOMMENDED that this action be dismissed for failure to
2 obey the court's orders of August 8, 2005 and September 15, 2005, and for failure to prosecute.
3  These Findings and Recommendations are submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20)**
5 **days** after being served with these Findings and Recommendations, plaintiff may file written
6 objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's
7 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
8 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
9 1153 (9th Cir. 1991).

11 IT IS SO ORDERED.

12 **Dated:    October 27, 2005**              /s/ Lawrence J. O'Neill
   b9ed48                             UNITED STATES MAGISTRATE JUDGE